Hon. James Hughes Assistant County Attorney, Oneida County
This letter is in response to the four questions you pose in your recent letter.
In your first question you ask what disposition must be made of cash bail when the case is transferred from a local court to a superior court.
Section 520.40 of the Criminal Procedure Law provides that cash bail in the local court must be transferred to the superior court from the local court by order of the superior court upon the request of the defendant following arraignment of the defendant in the superior court.
Your second question asks whether cash bail may be released only to the defendant or may the cash bail be released to the person who posted the cash bail.
Section 530.80 (3) of the Criminal Procedure Law requires that upon the surrender of the defendant in accordance with the provisions of subdivision one of section 530.80, the court must order the return of the money to the person who posted the money.
Your third question asks when the amount specified on the bail release issued by the court is different from the amount actually posted, should a revised bail release be obtained from the court.
While this specific question is not precisely answered by any particular statute, yet section 530.80 subdivision 3 does provide a procedure to be followed as a matter of good practice.
As previously noted, section 530.80, subdivision 3 requires the release of the cash bail to the one who posted the cash bail. When the cash bail was posted, a receipt was issued. The amount of the bail was entered in a bail book. The cash bail was deposited. The amount deposited equaled the amount entered in the bail book.
The bail is released by order of the court and the surrender of the bail receipt. Before any cash bail is released, good practice demands that the release from the Court, the entries in the book of account for cash bail, and the receipt all coincide.
Your fourth question asks whether the District Attorney must approve the release of the cash bail.
Section 530.80 subdivision 3 of the Criminal Procedure Law requires that before cash bail be released, the District Attorney receive 5 days notice. The obvious purpose of the 5 day notice requirement is to give to the District Attorney an opportunity to notify the Court of any reason why the Court should not order the release of the cash bail.
The signing of the release by the District Attorney is not legally required but does constitute good practice. The District Attorney's signature attests to the absence of objection by the District Attorney to the release of the cash bail.